**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WACO FUNCTIONAL MEDICINE, P.A. D/B/A BRAZOS INTEGRATIVE MEDICINE AND LISA KIRK, D.O.** | § § § | **CASE NO. 2:17-CV-01208** |
| | § | **SECTION N** **Judge Kurt D. Englehardt** |
| **v.** | § | |
| | § | **MAGISTRATE 4** |
| **HEARTWISE CLINIC, LLC** | § | **Mag. Judge Karen Wells Roby** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICEPURSUANT TO FED. R. CIV. P. 12(B)(1) AND/OR 12(B)(6) OR, ALTERNATIVELY, STAY PROCEEDINGS AND COMPEL ARBITRATION; AND MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE**

**MAY IT PLEASE THE COURT:**

Defendant Heartwise, LLC ("Heartwise") files this reply memorandum to address the arguments raised in the Memorandum in Opposition to Defendant's Motion to Dismiss ("Opposition") (Doc. 8) filed by plaintiff Waco Functional Medicine, P.A. d/b/a Brazos Integrative Medicine and Dr. Lisa Kirk (collectively, "Waco"), and in further support of Heartwise's Motion to Dismiss ("the Motion") (Doc. No. 6). Waco's Opposition conflates several issues before the Court, and likewise contains several misstatements of the law, that must be corrected for the Court to make an accurate determination of Defendant's Motion to Dismiss, or Alternatively, to Stay Proceedings and Compel Arbitration (the "Motion").

Also, considering that Waco's Opposition takes issue with certain exhibits attached to the Motion, Heartwise directly responds to those procedural arguments, while reserving all rights to timely file supplemental memoranda prior to the submission of Waco's Motion to Strike. (Doc. No. 7).

## I. RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

### A. THE COURT MAY CONSIDER EVIDENCE WHEN DETERMINING THE MOTION.

In support of its Motion, Heartwise appended the following documents as exhibits solely to provide the pertinent factual and procedural background for this Court:

a. License & Management Agreement (the "Agreement");

b. The Original Petition filed by Waco and several other doctors in the 353rd Judicial District Court;

c. The First Amended Petition filed by Waco and several other doctors in the 353rd Judicial District Court;

d. The Docket Report for the 353rd Judicial District Court; and

e. The Second Amended Arbitration Petition.

Waco contends that submitting these documents as part of the Motion violates the Federal Rules of Civil Procedure and interpretive jurisprudence; however, the specific federal rules and law Waco cites are inapposite to the Motion. More particularly, Waco simply makes general reference to "resolving a motion to dismiss", as well as to summary judgment law, but fails to acknowledge that the Motion is brought pursuant to Rule 12(b)(1). Notwithstanding the non-materiality of most of the exhibits in determining the merits of Heartwise's Motion, it is more than permissible to attach documentation to a Rule 12(b)(1) motion. Consequently, the documents are properly before this Court as exhibits to the Motion.

In ruling on a motion to dismiss under Rule 12(b)(1), this Court is permitted to consider admissible evidence outside the pleadings on a Rule 12(b)(1) challenge.[1] The Court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the

[1] *See McCarthy v. United States,* 850 F.2d 558 (9th Cir.1988) (holding that district court may consider evidence outside of pleadings when considering Rule 12(b)(1) motion to dismiss).

complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[2] Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations.[3]

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction.[4] "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true.[5] Yet, if the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims".[6] Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." [7]

Here, Heartwise supports its Rule 12(b)(1) motion with evidence, thus invoking a factual attack upon the Complaint. As a result, extraneous documents can indeed be considered in determining the merits of the Motion.

### B. HEARTWISE'S EVIDENCE ATTACHED TO THE MOTION IS PROPER.

The exhibits attached to the Motion are the Agreement (with the pertinent arbitration provision) giving rise to the Complaint; Waco's pleadings in a related Texas state court matter (which pertinent allegations contained therein should be taken as undisputed for purposes of the Motion) that both contain, as an exhibit, the License & Management Agreement; the Texas state

---

2 *Robinson v. TCI/US West Commc'ns,* 117 F.3d 900, 904 (5th Cir.1997).
3 *Williamson v. Tucker,* 645 F.2d 404, 412-13 (5th Cir. 1981).
4 *Adrian v. Selbe*, No. CIV.A. 06-455, 2009 WL 960091, at *3 (W.D. La. Apr. 8, 2009), aff'd, 364 F. App'x 934 (5th Cir. 2010) (citing *Rodriguez v. Tex. Comm'n on the Arts,* 992 F.Supp. 876, 878 (N.D.Tex.1998), aff'd, 199 F.3d 279 (2000)).
5 *Id.*
6 *Williamson,* 645 F.2d at 413.
7 *Rodriguez,* 992 F.Supp. at 879.

court docket sheet; and Heartwise's Second Amended Arbitration Complaint naming Waco in the arbitration proceeding.[8]

Waco takes issue with Heartwise attaching Agreement (the Agreement) without an authenticating declaration or affidavit. However, Waco submitted the Agreement with its Original Petition, as well as First Amending Petition, both of which were verified by Waco's co-plaintiff, Dr. Manuel Padilla, thus attesting to its authenticity. As a general rule, of course, a party's pleadings are admissible as admissions, either judicial or evidentiary, as to the facts alleged in that pleading. *See E. Natural Gas Corp. v. Aluminum Co. of Am.,* 126 F.3d 996, 1002 (7th Cir.1997) ("[P]rior pleadings ... are admissible in a civil action as evidentiary admissions."). As such, any contention that the Agreement is not competent or admissible evidence is contradicted by Waco's own attestations in the Texas state court matter. Furthermore, in light of Waco's actions in this regard, Heartwise is not required to further authenticate Agreement.

As for the other exhibits, the state court docket sheet is clearly admissible evidence. For purposes of authentication, the document falls under Federal Rules of Evidence art. 902(2). Similarly, the document is excepted as hearsay by Federal Rule of Evidence art. 803(8). Lastly, the Second Amended Arbitration Petition is the document that gives rise to this captioned matter, and from which Waco's Complaint arises, and therefore is clearly referenced in their Complaint and thus authenticated by Waco.

In light of the reasons stated above, this Court is able to consider, to what degree necessary, the exhibits attached to the Motion, as those documents are indeed admissible evidence under well-established law.

---

[8] Waco erroneously invokes Federal Rule 56, pertaining to summary judgments, in support of its argument.

## II. REPLY BRIEF IN SUPPORT OF DEFENDANT'S 12(B)(1) MOTION TO DISMISS

### A. WACO DOES NOT ALLEGE SUFFICIENT FACTS TO INVALIDATE THE UNDERLYING ARBITRATION PROVISION.

As an initial matter, Waco makes a significant leap in logic in the Opposition that is not supported by the facts pleaded in its Complaint. Specifically, the Opposition draws a distinction between "LMA Version 1," which is the version of the underlying License & Management Agreement (the "Agreement") that Waco admits to have signed and "LMA Version 2," which Waco claims to be an altered version of LMA Version 1.[9] The Opposition cites Paragraphs 14 and 24 to support this position, though that phrasing is not contained anywhere in the Complaint. The Opposition continues to state that the underlying arbitration provision is contained in LMA Version 2, thus implying to the Court that it was not contained in LMA Version 1. By contrast, the Complaint simply refers to all "versions" of the underlying agreement as the Agreement, and states that the arbitration provision was contained in the Agreement.[10] To be clear, Waco has never claimed that the underlying arbitration provision contained in the Agreement (the "Arbitration Provision") was added to the Agreement after Dr. Lisa Kirk executed it. In fact, Dr. Lisa Kirk has been quick to point out several provisions that she claims were subsequently added, and the Arbitration Provision is noticeably absent from such list.[11]

This distinction is also particularly important in light of another factual leap made in the Opposition that is unsupported by the Complaint. The Opposition states that "[a]s a direct result of making material alterations to LMA Version 1 ***prior to signing it***, Heartwise and/or Malla

[9] *See* Pls.' Resp. to Def's Mot. to Dism., p. 3–4.
[10] *See* Pls.' Compl., ¶¶ 14–30.
[11] *See* Aff. of Lisa Johnson Kirk, D.O., ¶¶ 17–20.

precluded any meeting of the meeting of the minds between Plaintiffs and Heartwise."[12] By contrast, the Complaint ***never*** alleges that any alteration occurred ***before*** it was fully signed:

> 21. Malla did not sign the Agreement on behalf of Heartwise in the presence of Dr. Kirk or provide Dr. Kirk or Waco with a copy of the Agreement signed by Dr. Kirk.
>
> 22. In fact, to date, Heartwise has never provided Dr. Kirk or Waco with a copy of the Agreement as signed by Dr. Kirk.
>
> 23. More than two years later, in May of 2016, Heartwise provided, for the first time, Waco and Dr. Kirk with a copy of what Heartwise claims to be a copy of the Agreement signed by Dr. Kirk, as well as Malla on behalf of Heartwise.[13]

Accordingly, Waco's claims, even if taken as true, do not confer jurisdiction upon the Court because under any version of the agreement that Waco alleges was signed, Waco contractually agreed to the Arbitration Provision. Moreover, the Agreement contains the following severability provision:

> **13.7 Severability.** If any one or more provisions of this Agreement shall be adjudicated to be illegal, invalid, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. The parties hereby agree to attempt to substitute for any illegal, invalid, or unenforceable provision a valid or enforceable one, which achieves the economic, legal and commercial objectives of the invalid or unenforceable provision to the greatest extent possible.

Consequently, even the Agreement was altered before it was signed, the altered provisions would not invalidate the entire Agreement.

Louisiana law governs the Agreement. Under Louisiana law, the existence of a severability clause in a contract "shows a clear intent of the parties to allow the contract to remain in force to the fullest extent permitted by law even if one or more provisions of the

[12] *See* Pls.' Resp. to Def's Mot. to Dism., p. 10 (emphasis added).
[13] *See* Pls.' Compl., ¶¶ 21–23.

contract… is declared invalid."[14] Severing the contract would be "fundamentally unfair" to one party who may not have bound themselves if they had known the remainder of the contract would fail.[15] Therefore, "[c]ourts are free to recognize, by interpretation of the will of the parties, that the provision inserted in the agreement is only an accessory clause to which the agreement was not subject for its existence. In that case, the offending provision is deleted and the remainder of the agreement stands."[16] Waco agreed to the Arbitration Provision, and the Court is bound to dismiss this case for want of subject-matter jurisdiction.

### B. WACO'S PROCEDURAL CLAIMS ARE IRRELEVANT TO THE COURT'S DETERMINATION OF THE MOTION.

Finally, the Opposition continues with its arguments that the manner in which Heartwise seeks to add it to the pending arbitration proceeding does not fit the mandated procedure contained in the Arbitration Provision. This argument is misplaced because, as Heartwise briefed extensively in the Motion, the Court cannot govern the procedure by which AAA conducts its arbitration proceedings. Heartwise is not seeking an order from this Court compelling Waco to participate in the pending arbitration, but rather simply an order that Waco's claims belong in arbitration and not the Court. If Waco believes that its joinder to the pending arbitration is improper, it should make that argument to the AAA panel, and the Court should dismiss this case for want of jurisdiction.

---

[14] *Wied v. TRCM, LLC*, No. 30106 (La. App. 2 Cir. 7/24/97), 698 So. 2d 685, 689

[15] *Taylor v. Taylor*, 33, 959 (La. App. 2 Cir. 11/01/00), 772 So.2d 891

[16] *Gearheard v. De Puy Orthopaedics, Inc*, No. CIV.A.99-1091, 1999 WL 638582, at *7 (E.D. La. Aug. 19, 1999) (citing *Henderson Implement Co., Inc. v. Langley,* No. 97–1197 (La. App. 3 Cir. 2/4/98), 707 So.2d 482–83

## IV. CONCLUSION & PRAYER

This Court should dismiss this lawsuit and compel arbitration because Waco agreed to a binding Arbitration Provision. Waco can likewise not ask this Court to dictate the procedure by which the AAA can conduct the Arbitration. As a result, the Court must abstain from ruling on all of Waco's claims and should dismiss them with prejudice to refiling in the interest of judicial economy.

Respectfully Submitted,

*/s/ J. Geoffrey Ormsby*____________

**RANDALL A. SMITH (No. 2117)**
**J. GEOFFREY ORMSBY, T.A. (No. 24183)**
**MARY NELL BENNETT (No. 32339)**
**-OF-**
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205
gormsby@smithfawer.com
mnbennett@smithfawer.com

***Counsel for Defendant, Heartwise Clinic, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ J. Geoffrey Ormsby*