UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WACO FUNCTIONAL MEDICINE, P.A. d/b/a BRAZOS INTEGRATIVE MEDICINE and LISA KIRK, D.O. | * * * * | CIVIL ACTION NO. 17-01208 |
| | * | JUDGE ENGLEHARDT |
| VERSUS | * * * | |
| HEARTWISE CLINIC, LLC | * * | MAG. JUDGE ROBY |

* * * * * * * * * * * * * * * * * *

**SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PROCEDINGS AND COMPEL ARBITRATION**

**NOW INTO COURT,** through undersigned counsel, come plaintiffs, Waco Functional Medicine, P.A. d/b/a Brazos Integrative Medicine (and herein, "Waco") and Lisa Kirk, D.O. ("Dr. Kirk," and together with Waco, "Plaintiffs") and file this Sur-Reply Memorandum in further opposition to defendant's, Heartwise Clinic, LLC ("Heartwise"), Motion to Dismiss Plaintiff's Claims with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) or, Alternatively, Stay Proceedings and Compel Arbitration (R. Doc. No. 6, the "Motion"). This Sur-Reply is submitted for the limited purpose of addressing errors contained in Heartwise's Reply Memorandum submitted on April 11, 2017 ("Reply," R. Doc. No. 9-2).

**ARGUMENT**

**1.) The "Agreement" Attached To Heartwise's Motion Has Not Been Authenticated**

Rather than supplementing its Motion with an affidavit from a representative of Heartwise with first-hand knowledge of the alleged "Agreement" between Plaintiffs and Heartwise, Heartwise contends that Plaintiffs authenticated the "Agreement" because it was attached to a petition filed in Texas state court and verified by a third party, Dr. Manuel Padilla. (Reply, R. Doc. No. 9-2, p. 4.) Heartwise is wrong. The Texas court exhibits are not agreements between Heartwise and Plaintiffs; neither LMA Version 1[1] nor LMA Version 2 was attached to the petition or amended petition filed in the Texas state court proceeding. (*See* Heartwise Exhibit B: R. Doc. No. 6-4, and Exhibit C: R. Doc. No. 6-5.) The only "Agreement" attached to the Texas state court pleadings submitted by Heartwise is a "License & Management Agreement" between Heartwise and Sun City Medical Clinic, PA ("Sun City"), along with the principals of Sun City, Dr. Padilla and Maria Padilla. (*See* Heartwise Exhibit B: R. Doc. No. 6-4, p. 31, and Exhibit C: R. Doc. No. 6-5, p. 31.) Plaintiffs are not a party to these documents.

The suggestion that a purported agreement between Heartwise and Sun City (a different alleged agreement between different parties) can properly authenticate LMA Version 2 is illogical. The purported agreements between *Heartwise and Sun City* are irrelevant to the issue before this Court - whether any meeting of the minds or contract exists between *Heartwise and Plaintiffs*.[2]

---

[1] Unless otherwise noted, all capitalized terms herein shall have the same meaning ascribed to them in Plaintiffs' Opposition Memorandum (R. Doc. No. 8).

[2] It must also be noted that neither exhibit relied upon by Heartwise is signed by Sun City and its principals or by a representative of Heartwise. (*See* Id., R. Doc. No. 6-4, p. 43 and R. Doc. No. 6-5, p. 43.) Plaintiffs further submit that these exhibits contain material differences from LMA Version 2, which is "Exhibit A" to Heartwise's Motion. For example, Section 5.4 of LMA Version 2 (which Heartwise or Malla inserted into the document after Dr. Kirk had signed it) does not appear in either of the "Agreements" filed in the Texas state court proceeding. (Compare Heartwise Exhibits: "A" (R. Doc. No. 6-3, p. 4) to "B" (R. Doc. No. 6-4, p. 34) and "C" (R. Doc. No. 6-5, p. 34).)

For the reasons stated in Plaintiffs' Opposition Memorandum, this Court should disregard the exhibits attached to Heartwise's Motion.

### 2.) There is no Contract and Nothing to Sever

Heartwise argues that Plaintiffs' Complaint does not expressly allege that Heartwise altered LMA Version 1 "***before*** it was fully signed" to suggest Plaintiffs have not alleged a cause of action challenging the existence of any contract. (*See*, Reply, R. Doc. No. 9-2, p. 6.) Heartwise's argument ignores the plain words of Plaintiffs' Complaint:

> Paragraph 21: Malla did not sign the Agreement [i.e., LMA Version 1] on behalf of Heartwise in the presence of Dr. Kirk or provide Dr. Kirk or Waco with a copy of the Agreement signed by Dr. Kirk.
>
> Paragraph 22: In fact, to date, Heartwise has never provided Dr. Kirk or Waco with a copy of the Agreement as signed by Dr. Kirk [i.e., LMA Version 1].
>
> Paragraph 23: More than two years later, in May of 2016, Heartwise provided, for the first time, Waco and Dr. Kirk with a copy of what Heartwise claims to be a copy of the Agreement signed by Dr. Kirk, as well as Malla on behalf of Heartwise [i.e., LMA Version 2].
>
> Paragraph 24: The version of the Agreement provided Heartwise to Waco and Dr. Kirk in May of 2016 [i.e., LMA Version 2] contains provisions that were inserted by Heartwise or its agent, Malla, ***after*** Dr. Kirk signed the Agreement [i.e., LMA Version 1] and without the knowledge or consent of Waco or Dr. Kirk. (Emphasis added.)

Whether Malla or Heartwise inserted provisions or made material alterations to the alleged contract before or after "it was fully signed" by Heartwise is immaterial. Plaintiffs' claim—as clearly stated in Paragraphs 21 through 24 of the Complaint quoted above—is simply that Malla and/or Heartwise materially altered the alleged contract *after* Dr. Kirk signed it, and that Dr. Kirk would have never signed any agreement with Heartwise that contained these provisions. (*See* Opposition Memorandum, R. Doc. No. 8, pp. 17-18 and Affidavit of Lisa Kirk, R. Doc. No. 8-1, ¶¶ 14, 18, 19 and 20.) To the extent this Court may find that Plaintiffs' claim is

not clearly stated in the Complaint, Plaintiffs respectfully request leave of Court to amend their Complaint to substitute the terms "LMA Version 1" and "LMA Version 2" for the term "Agreement" as appropriate.

Plaintiffs further submit that Heartwise's argument that a severability clause contained in LMA Version 1 or 2 can be used to salvage the alleged agreement is misplaced. Plaintiffs are not seeking to void any one provision of the LMA Version 1 or 2. Rather, Plaintiffs seek a declaration that no contract exists between the parties because Heartwise, or Malla, took Dr. Kirk's signature page from LMA Version 1 and attached it to LMA Version 2—a document that Dr. Kirk did not review or agree to sign and which was materially different from the document Dr. Kirk did sign. Because there is no contract, Heartwise has no contractual basis to compel Plaintiffs to arbitration, and the severability clause in LMA Version 1 and 2 is irrelevant to Plaintiffs' claims.

### 3). Heartwise's Conflicting Positions on Compelling Arbitration

Heartwise now suggests that it is "not seeking an order compelling Waco to participate in the pending arbitration [i.e., the Sun City Arbitration]." (*See* Reply, R. Doc. No. 9-2, p. 7.) This statement is contrary to Heartwise's statements in the memorandum submitted in support of its Motion wherein Heartwise plainly seeks the relief it now says it does not:

1. Heartwise asserts it has "amended claims in the [Sun City A]rbitration to add its claims against Waco [Plaintiff]" in that proceeding. (*See* R. Doc. No. 6-1, p. 5.).

2. Heartwise argues Plaintiffs should be compelled to participate in the Sun City Arbitration because its goal "is simply to save the parties time and money." (Id.)

3. Heartwise claims (oddly) that Plaintiffs "participated" in the selection of the arbitration panel for the Sun City Arbitration because the attorneys Sun City and its principals had formerly represented Dr. Kirk in a prior matter pending in Texas state court (in which Dr. Kirk is no longer a party). (*See* Id., R. Doc. No. 6-1, p. 5)

Even if the alleged "Agreement" were ultimately determined to be a valid contract, which Plaintiffs deny, there is no contractual or legal basis for Heartwise's effort add Plaintiffs to the Sun City Arbitration. The fact that Heartwise has already sought—improperly—to add Plaintiffs as parties to the Sun City Arbitration is precisely why Plaintiffs' Complaint seeks, as an alternative ground of relief, a declaration that that Waco and Dr. Kirk may not be compelled or required to participate in the Sun City Arbitration. (*See* Complaint, R. Doc. No. 1, ¶¶ 42 through and 47.)

## CONCLUSION

For all of the foregoing reasons as well as those contained in its original Opposition Memorandum, Plaintiffs request that Heartwise's Motion to Dismiss and Alternative Motion to Compel Arbitration be denied.

Respectfully submitted,

    */s/* John A. Cangelosi
**DAVID A. STRAUSS (LA# 24665)**
**JOHN A. CANGELOSI (LA# 26835)**
**ADAM P. MASSEY (LA#29330)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233

*Attorneys for Waco Functional Medicine, P.A. d/b/a Brazos Integrative Medicine and Lisa Kirk, D.O.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2017, a copy of the above and foregoing was served on all counsel of record, either by ECF filing, facsimile, hand delivery, electronic mail, or by placing same in the U.S. mail, postage prepaid.

                                          */s/ John A. Cangelosi*
                                          JOHN A. CANGELOSI